Now in the case of Rodriguez v. Bush. Mr. Capel. Thank you, Your Honor. May it please the Court. The central question in this case, and in my view, is whether a trial lawyer who observes a trial judge make a decision that affects substantially the rights of the accused based upon an arbitrary or capricious form and does not object or raise any questions about whether or not a trial lawyer has the right to make a decision based on an arbitrary or capricious form. Raise this issue in the open court on the record and file some sort of motion and response. I think it's pretty clear that our position is going to be, or our position is, is that the trial judge was presented with the plea agreement prior to trial and the trial judge refused the plea agreement. And based upon the testimony at an earlier hearing before a judge on post-conviction relief, determined that he was not going to accept the plea agreement based on the fact that he wanted to try a case that day or that he wanted to try that week. That, to us, is a violation of due process. That, to us, is not consistent with the standard. Where have you preserved the due process argument? Where is it in your brief here before this court and where has it argued in the district court record? Well, the due process argument is kind of conjunctive with the Strickland. Well, it doesn't. Those are two different arguments. Ineffective assistance of counsel resulting in prejudice is a separate argument from a denial of due process. So, can you point to anything in the record that shows that you argued due process in the district court apart from your ineffective assistance argument? I don't think we argued it specifically. I think the argument was that the trial counsel observed this conduct off the record in the chambers of the court and did not respond or react to that. So, is your due process argument procedurally barred then? I think it's preserved simply because it's assumed that the due process violation predicated the failure for the counsel to raise the issue before the trial court and on the record. Well, what if he had put something on the record saying, I suppose he just said, I want to try a case today or this week. What are you going to appeal from? He has a right to reject the plea, doesn't he? Judge, I think you're absolutely correct. The trial judge has broad discretion in accepting or rejecting a plea. The trial judge doesn't even have to really place any kind of record or offer any kind of reason for it. So, how are you prejudiced then? Well, we believe that once the trial judge stated that he wanted to try a case, once the plea judge or the trial judge stated a reason for rejecting the plea, which we believe was arbitrary, then brings it into a misstatement or it brings it into basically a failure to exercise sound judicial discretion in accepting or rejecting a plea agreement. So, I think if the judge doesn't say anything, if the judge simply says, I'm not accepting the plea, then, you know, I think we're stuck. But I think once the judge offers some sort of reason that doesn't really make logical sense based on the law, then I think that's … But your argument is that counsel was ineffective for not objecting to the court's failure to state its reasons on the record for rejecting the plea as required under South Carolina law. Isn't that correct? That's your argument? Well, the argument is based in part of that. But basically, the argument is, is that the trial judge or the trial counsel observing what is essentially an arbitrary reason in rejecting a plea needed to come out into the court. Right. And let's say we agree with you that counsel was ineffective. Should have done that because of, what is it, the Tillman case under South Carolina law? Well, Judge, the Tillman case is in the context of the Thrift case, which is where the plea agreements need to be in writing for enforcement purposes. No, they need to be on the record. Or … The plea agreements need to be on the record. And if the plea agreement is rejected, the Tillman case also says that the reason for the rejection needs to be on the record. That didn't happen here. And I think that's your argument in your case. Now, assuming you've waived the due process argument, how is it ineffective for counsel not to have done anything? Well, it's our view, Judge, that when the trial counsel came back into the courtroom and made an objection or asked the court to recuse himself or asked for a continuance, we believe that that falls below the standard because, in our view, the judge is arbitrarily rejecting the plea agreement because he did not want to see the trial court break down for the week. Okay. None of that happened. The defense attorney didn't object on the record. The defense attorney didn't ask for a recusal, didn't ask for a motion to continue. Isn't that your argument for why counsel was ineffective? None of that happened. That's correct, Judge. None of it did happen. And part of the problem with this case, at least, you know, the trial judge that heard the post-conviction relief hearing expressed that this was an unusual situation and not the normal situation. Part of the problem is that it wasn't brought out into the record. It wasn't brought out to where it was clear. It's not part of the problem. It is the problem. The court was required to put on the – the court can certainly reject a plea, but the court was required under South Carolina law to put on the record why the plea was rejected. But that's your due process argument. Your ineffective assistance argument is counsel should have objected and had that placed on the record. So, assuming that was ineffective, and I think it was, how was your client prejudiced? Well, the prejudice is that – the prejudice is that he was denied somebody looking at the plea agreement and using some form of discretion. Okay, but he has to show – doesn't he have to show in order to prove prejudice in a case like this involving a guilty plea, doesn't he have to show to prove under Strickland that the result would have been different that the trial judge would have accepted the plea had the matter been placed on the record? Doesn't Lafler require that? It does, Judge. It does. And obviously, we have the much greater standard. And with it being your burden of proof, it's pretty tough. I mean, I think you have a slam dunk close on ineffective assistance, but in terms of prejudice, I'm really struggling here. Well, we're all struggling with it. But basically, I think that the issue for us is that we don't believe that a fair-minded jurist could disagree, as you just said, with the lawyer not placing it on the record. The question, of course, then, well, now what? What's the prejudice that results from this? The problem is, is that in the context of the plea agreement that was set out of 20 years, in the context of all the other co-defendants, the two in particular that were able to plead that morning, the sentence was in line with perhaps where he fit in the conspiracy. All that can be gleaned from the record. The issue, of course, is that the plea agreement was rejected and he went to trial and was sentenced to 45 years. But what about the burden under Lafler? I mean, Lafler is really tough in these kinds of cases, isn't it? It is, but I think there's a pretty interesting part to Lafler that kind of corresponds with this particular case in that Lafler describes the, I think it was Missouri, the court of appeals that took a look at Strickland versus Washington, but didn't really quite apply any kind of analysis to it. And I think we kind of have a similar situation here with our, the final written order that really has any kind of analysis to it, sets out the Strickland versus Washington standard, but then doesn't really seem to apply it. Our perspective is, is that had they applied it, they would have found, one, that the conduct of the attorney fell below the standard, and then, two, that the prejudice of the result was that he did not have what we would call a judge using sound judicial discretion in reviewing the plea agreement and determining whether or not it was true. That's the due process argument. That's right. It's not the fact that he was prejudiced in that the plea agreement likely would have been accepted if the judge had been required to state on the record as required under South Carolina law. Well, let me try to address it this way. If the trial lawyer had come back into the courtroom and said, Judge, we presented this plea agreement to you, you offered to us what seems to be a nonsensical response, and that you didn't want, basically, the trial court to break down and for you not to have anything to do that day. We believe that my client is being unfairly punished for being third in line for trial that morning, and that we want to present the plea and for the court to state some sort of reason or rationale for rejecting it. And at that point, the judge would have had to contradict himself from what he said privately, which then would have perhaps led to another motion of some sort. Or if he had repeated the comments, then it would have been clear that he was not using sound judicial discretion. And I think that it could have been brought out in that way. Does that rise to a constitutional principle, sound abuse of discretion, sound judicial discretion? Well, I don't think it does, but that implies discretion. And when you have sound judicial discretion, the implication is that the judge would have taken a few minutes or seconds or however long to make some sort of decision. And like I said, the judge didn't have to offer a reason, but when he does answer and does state he wants to try a case that week, he's ready to try a case that week, and when the trial... The judge did have to offer a reason under South Carolina law, under Tillman. The judge had to put the reason for the rejection of the plea agreement on the record. And he didn't, so that's good for you. Well, I understand. Maybe, okay. I'll take another look, but... Where's the reasonable probability of a different result under Strickland, as opposed to speculation? Well, I just... You have a rogue judge here, you know, who, for whatever reason, was doing something that was off the grid in terms of not putting the reasons on the record. You know, maybe impatient, hard to tell. But how do you... Does that satisfy a burden of proving, which is yours, that the result would have been different had counsel requested the court to do that? Our belief is that the judge would have been forced to either... To either accept the plea, to repeat the answer that he gave prior, or to offer a new reason. And in either of those circumstances, two of them, if he had accepted the plea or repeated the same response, then that clearly, I think, in our view, would have been a reasonable probability of showing some form of prejudice. But does that rise to a constitutional violation, the fact that he did what he did? Because Tillman doesn't stand for the proposition he's got to put it on the record until after the plea is accepted. If a plea is accepted and he wants to do something different about it, he has to put a reason on it. But not before. He can reject the plea for any reason, no reason at all, can't he? Well, like I said, I'll have to take a quick look at that. Our position is that regardless of whether he offered a reason or didn't offer a reason, the reason he did offer was one that was nonsensical and, in our position, a violation of the judge's responsibility to use some form of discretion in reviewing the plea. If the trial judge had brought it out into the... If the trial lawyer had brought it out into open court and preserved it onto the record, then one of those three things would have occurred. The plea would have been offered and was accepted, the plea would have been rejected, or the judge would have used the same rationale that he had used prior, which shows that he was not using any discretion in rejecting the plea. Well, under South Carolina law, the trial judge is not a party to that plea agreement, and he's not benign on anything, and he's got, as I understand the state of the law in South Carolina, he has absolute discretion not to take the plea. I would agree with that, but again, when you say absolute discretion, the implication is discretion. And if a judge says, you know, I canceled a vacation this week to be here for trial court and we're going to try the case regardless, I don't think that that's using discretion, that's using something other than discretion. And so what we're saying is that the trial judge was making a very unusual statement in that he was ready to try a case, wanted to try a case, and in the testimony that was offered at the post-conviction relief hearing, the attorney general asked the trial lawyer if the trial judge's demeanor was that no matter what was going on, he was going to try a case that week, and the answer was yes, that it didn't matter, he was going to try the case. And to me, for our position, that that would be, you know, a violation of having a neutral judge following the law, which requires some form of discretion in making these decisions. Anything further? Thank you. We'll hear from Mr. Simon now. Good morning, and may it please the Court. My name is Al Simon. I'm with the South Carolina Attorney General's Office, and I'm here on behalf of the Respondent, Warden Dennis Bush. At issue in this case is whether trial counsel was ineffective in not requesting the trial judge place his explanation for rejecting the plea agreement that was reached between the State and the appellant, Mr. Rodriguez, on the record. Warden submits that the district court was correct in finding that Mr. Rodriguez failed to show that he was entitled to federal habeas relief upon this claim. Mr. Rodriguez fails to show that the South Carolina PCR Court in rejecting relief upon this claim unreasonably applied federal law. And in light of the fact that there was a decision on the merits that's entitled to deference in this case, the Warden submits that the appellant is unable to show that he is entitled to relief under 2254D. First, Respondent would submit that trial counsel was not deficient in not requesting that the trial judge state on the record his reasoning for not accepting the plea agreement. The basis for this argument is this. There is no, first in looking at the general principles and how plea agreements are handled in South Carolina, and also in looking at the general principles under the law provided by our United States Supreme Court, first, one does not have a right to plead guilty. And it's within the sound discretion of the trial judge to determine whether or not to accept a plea agreement. One is not entitled to have a trial judge accept a plea agreement, and in South Carolina, a trial judge can reject a plea agreement using his discretion. And further along those lines, a trial judge is not required to place his reasoning in South Carolina, is not required to place his reasoning for rejecting a plea agreement on the record. I understand that there has been some consideration about what was said in State v. Tillman, but if you look at what occurred in both Thrift v. State and State v. Tillman, in Thrift v. State, you have the situation of where there was an oral plea agreement, and the terms of that plea agreement were not placed on the record. And in Thrift v. State, the South Carolina Supreme Court noted that for an oral agreement to be enforceable, the terms of the agreement must be placed on the record, which had happened in State v. Tillman, was a situation where there was a plea agreement that was reached. So the appellant needs to get over the prejudice hurdle in Strickland, assuming we find counsel was ineffective. The appellant has to get over the prejudice hurdle. He cannot get over the prejudice hurdle with zero record. So you just said that you don't think counsel was ineffective for not putting this on the record. The reason he can't meet the prejudice hurdle is because there's no record at all. So how is that not ineffective? I would say that counsel, in light of the fact that the trial judge is not required to place his reasoning on the record, counsel can't be deficient for trying to require the court to do something that it does not have to do. All counsel would have needed the court to do was put on the record, I'm rejecting the plea agreement, and he doesn't have to say any reason then, let's go with that. Doesn't have to say any reason, but at least then the attorney could have put in the record what happened behind closed doors that the judge said, and there'd be some record for us to review. Because I just want to go to trial. Might be prejudicial. Well, I guess I can see where that would be. To preserve it for appeal, that would have been something that counsel would have needed to have done, would be to have it placed on the record. But in light of the fact that the trial court wasn't required to state its reasoning on the record, the state submits that. In fact, the trial counsel couldn't force the judge to place on the record its reasons for its rejection of the plea agreement. The trial counsel could have stood up and said, I want to make, I want to place on the record what just happened in chambers. We have a plea agreement, we have the same one that all the other similarly situated defendants have today, and the court rejected it for no reason other than, I'm going to trial today. Trial counsel could have done that, but he failed to do so, and wasn't that ineffective. You're not even going to say that was ineffective? I can see how that could be deficient. I would say the warden's position is that it wasn't deficient, but I can see how that could be considered to be deficient. Well, why did you address the prejudice prong? Because I think that's really the meat of this case, at least from my perspective. And I think that what also should be addressed is what I take from Judge Thacker's question, that how can somebody prove prejudice if the ineffectiveness has caused the record to be silent on that which needs to be proven? And that really presents us with a difficult situation, doesn't it? It does. First, we would say that Mr. Rodriguez cannot show that he was prejudiced as a result of any deficiency by counsel in this regard. The reason why he can't is because the record is silent, correct? Well, it's not just because the record is silent. There are several reasons why he can't show that he was prejudiced. First, we would note that if you look at the trial record, at the end of the trial, Mr. Rodriguez made statements that indicated that he wasn't necessarily, he was looking to have a trial. Sentencing. Yes. He was indicating that he had wanted a trial, he wanted the truth to come out. But that's not the standard under Lafler. Lafler says that in order to prove prejudice in this plea that's been denied, he has to show that absent the error of counsel, the trial court would have accepted the plea. Isn't that what Lafler says to the Supreme Court? Yes. Okay, so any extraneous remarks that the defendant may have made doesn't address the Lafler standard, does it? It doesn't to the extent that... It doesn't at all. Let's just leave it at that. So how does the record address the Lafler standard in this case? Well, what you have is you have the testimony of trial counsel at the PCR hearing where he gives his interpretation of what the trial judge says. If there was to be any development of what was the actual, like what was the reasoning by the trial judge it should have been done at the PCR hearing, whether it be by presenting maybe an affidavit. But you can't call the trial judge, can you? Assuming that's the case under North Carolina law, that you can't propose to call the trial judge. My understanding, in South Carolina, you can the judge doesn't necessarily have to take the stand. He may decide that he's not going to take the stand, but you can I know from colleagues that... Okay, I was just assuming based on my Virginia experience. I apologize. So you're saying, tell me under South Carolina law then, to what extent can you make the trial judge participate in the PCR hearing? And that is something that I can't really point to any particular case. I can give you examples of where I've seen it occur in other cases that have been handled in our office. I know that Aren't there any statutes that deal with that? Off the top of my head, I can't say that I am aware of the statutory framework in which that happens. I do know that a judge may be called upon to either provide I guess where I've seen it done, trial judges have provided affidavits or there may have been limited depositions where they're represented by counsel. In cases involving ineffective assistance? Yes. And their role in the trial? Yes. And the example that comes to mind, I know there is a capital case. So you're saying then in this case that Mr. Rodriguez could have shown prejudice by soliciting the trial judge's participation at the PCR hearing and subjecting the trial judge to questioning concerning why the trial judge didn't do it? Or he could have requested an affidavit from the trial judge to present to the court. I mean, he could have requested, there are ways he could have presented evidence of what the trial judge, the reasoning for the trial judge's decision in rejecting. On the PCR? I'm sorry, I missed the first part of your question, Your Honor. The PCR that was held, was it appealed to the State Supreme Court or the Court of Appeals? It was, the PCR in this section was appealed to the State Supreme Court. My recollection was that it was briefed and they filed a petition for it at certiorari and my recollection was that the way it worked, the petition was the petition that asked you that particular claim was denied. They did not grant certiorari on that on the ineffective assistance of counsel claim. But in looking at how this claim has been raised, the warden submits that the petitioner can't show that PCR court erred in denying relief upon this claim because he can't show that there was an unreasonable application of Strickland. Because he does not show that he was entitled, that he was prejudiced by any error by counsel and not asking for the explanation of why he rejected the plea being placed on the record. He did not ask for that to be placed on the record. Am I correct that the state of the law in South Carolina still is that the trial judge can't be the PCR judge? That is correct, Your Honor. It's different in the federal system, the trial judge. Here's the 2255. That's my understanding, Your Honor. Thank you. And I guess, unless there are any further questions. I guess I'm still unclear as to how it is we know that an appellant was not prejudiced by his counsel's ineffectiveness. I would say it was the appellant's burden of proof to show that he was prejudiced. And the fact that he did not present any additional information regarding what the trial judge what he may have said in chambers, that was his burden of presenting that information at the PCR hearing. The fact that he failed to do so would support the finding that he didn't show prejudice. And since he hasn't met his burden, he can't show now that the PCR court was unreasonably applying federal law on denying relief because he didn't show then that he was prejudiced and he hasn't presented anything since that couldn't have been presented in state court to show that he was prejudiced. And since he failed to show that he was prejudiced in that he fails to show that the state court's application of federal law was an unreasonable application on 2254D, the warden submits that the district court's order should be affirmed and that the case should be remanded for the effectuation of the order. And unless there are any other questions I will see the remainder of my time. Mr. Capel, I believe you have some time reserved for rebuttal. Thank you, Judge. I'll be brief. It sounds that we have some agreement, at least some sense that the counsel's conduct was ineffective and that the issue, obviously, is just simply prejudice. What I would just quickly offer is upon review of the transcripts of the two other co-defendants that were afforded the ability to plead guilty that morning, if you'll indulge me for just a second, the first she had four charges, three of which had mandatory minimum sentences of 25 years. Based on the plea agreement those charges were reduced in a negotiated sentence of 12. The second defendant had two charges with mandatory minimum sentences of 25 years. One was dismissed outright. The other one was reduced in a recommendation of 10 years. The prejudice that we feel is that by having his plea agreement arbitrarily rejected because he was third in line and not having that placed onto the record precluded the defendant from any way in trying to establish that he had his plea agreement unfairly rejected. What about opposing counsel's point that you could have raised this in the State Court via putting the judge on the stand or getting an affidavit from the judge? I can't speak for the lawyers that handled the post-conviction relief. I'm not sure if they considered calling the judge as a witness or trying to get an affidavit. I'm not sure if they considered calling the Assistant Attorney General that was also in the meeting. There were three people in the meeting. I can't speak to that. All I can speak to is what we have. And what we have is a situation where the most appropriate time to preserve this matter is immediately following the meeting where everyone's recollection is clear. Everyone can either heard or understood what the judge said and to put it onto the record to require some sort of rationale be offered. Those two folks were not called at the PCR hearing. Perhaps that's a bad thing. But I have to deal with what we have to deal with and that is an absence of a record based at the trial court and then the hearing where the only evidence that's been offered is from the trial lawyer. I would point out though that the judge that heard the PCR hearing did put into his opinion that he found that the trial counsel's testimony was credible. Our view is that the prejudice was the unfair denial of this plea agreement or at least having some judge offer sound judicial discretion in reviewing it. Thank you very much. I appreciate both counsel's argument. We'll come down to greet counsel before closing.
judges: Barbara Milano Keenan, Henry F. Floyd, Stephanie D. Thacker